UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
BILLY PAUL WILLIAMS,
Defendant.

Case No.: 22cr1305 WQH

**ORDER**

HAYES, Judge,

The matter before the Court is the letter filed on March 2, 2026 by Defendant Billy Paul Williams, which the Court construes as a motion for sentence reduction. ("Motion for Sentence Reduction," ECF No. 47.)

**I. Background**

On April 10, 2023, the Court sentenced Defendant Billy Paul Williams to be committed to the custody of the Bureau of Prisons ("BOP") for 120 months, followed by a four-year term of supervised release, based upon Defendant's guilty plea to the charge of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 35.) The 120-month custodial sentence was lower than the undisputed advisory Guideline range (after all departures and variances) of 210-to-262 months. (*See* ECF Nos. 31, 32.) Defendant's current projected release date is March 4, 2029.[1]

[1] *See* https://www.bop.gov/inmateloc/.

On March 2, 2026, Defendant, proceeding pro se, filed the Motion for Sentence Reduction "asking [the Court] to … consider a sentence reduction for me under the amendment of [the] Guideline and commentary effective November 2025, Section 2D1.1(e)…." (ECF No. 47 at 2.) Defendant references "[t]he policy statement in the Guidelines 1B1.10(a)(1)(d) … as intervening changes in the law … as a mule or courier in mitigating role." *Id*. Defendant asserts that he is "a different man today than [he] was prior to [his] arrest." *Id*. at 3. Defendant attaches a copy of his BOP "Individualized Needs Plan – Program Review." *Id*. at 4–6.

On March 3, 2026, the Court referred the Motion for Sentence Reduction to Federal Defenders of San Diego ("Federal Defenders") pursuant to General Order 692-B. (ECF No. 48.)

On March 13, 2026, Federal Defenders filed a Status Report "conclud[ing] the Court can decide [the motion] on the existing record without further assistance of counsel." (ECF No. 50 at 2.)

On March 17, 2026, the Court issued a scheduling order relieving Federal Defenders of further representation of Defendant and allowing briefing by the parties related to the Motion for Sentence Reduction. (ECF No. 51.) The docket reflects that neither party filed a brief in response to the Court's scheduling order.

## II. Discussion

"Our justice system relies on the finality of criminal judgments." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citing *Teague v. Lane*, 489 U.S. 288, 309 (1989)). "Once imposed, a sentence may be altered 'only in very limited circumstances.'" *Id*. (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011)). "With 18 U.S.C. § 3582(c)(1)(A), Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *Id*. (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). The Court construes Defendant's pending Motion for Sentence Reduction to be brought pursuant to § 3582(c)(1)(A), which states that, "the court … may reduce the term

of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction."

"Sentence reduction under § 3582(c)(1)(A) is discretionary." *Bryant*, 144 F.4th at 1123 (citing *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022)). "The statute allows that discretion to be exercised only when three conditions are met. First, the district court must find that 'extraordinary and compelling reasons' warrant a sentence reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). "Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). "Third, the district court must consider the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.'" *Id.* (quoting *Wright*, 46 F.4th at 945; citing *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945 (citation omitted). Defendant bears the "burden to establish his eligibility for compassionate release." *Id.* at 951.

"Congress did not define the first condition, 'extraordinary and compelling reasons.'" *Bryant*, 144 F.4th at 1123. "It instead instructed the Sentencing Commission—'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id.* (quoting 28 U.S.C. § 994(t)). "Congress put one limit on that delegation: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* (quoting 28 U.S.C. § 994(t)).

The Supreme Court recently stated that, "[w]hile Congress has not defined the 'extraordinary and compelling reasons' that may warrant a reduced sentence, these criteria are not empty vessels." *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). The

Supreme Court called this "a demanding standard," *id*., and stated that "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026).

First the Court considers whether Defendant has satisfied his burden of showing of "extraordinary and compelling reasons." In the pending motion, Defendant relies upon Amendment 833, which went into effect on November 1, 2025, amending *inter alia* U.S.S.G. §§ 2D1.1 and 3B1.2, and instructing courts on the application of a mitigating role adjustment for drug offenders with minimal or minor participation in the criminal activity.[2] Courts consider three factors when determining whether an amendment to the Sentencing Guidelines applies retroactively: "(1) whether the amendment is listed as a retroactive amendment in U.S.S.G. § 1B1.10[]; (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split." *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (citation omitted). Amendment 833 is not among the covered amendments identified in § 1B1.10(d), which means it has not been made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(2)(A) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … [n]one of the amendments listed in subsection (d) is applicable to the defendant."); *see also* U.S.S.G. § 1B1.13(c) ("[A] change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."). Furthermore, "Amendment 833 inserted a substantive addition to rather than a clarification of § 2D1.1, and did not resolve a circuit split." *United States v. Jimenez*, No. CR07-00343JLR, 2026 WL 412285, at *1–2 (W.D. Wash. Feb. 13, 2026). Accordingly, Amendment 833 cannot be applied retroactively to Defendant and a sentence reduction on this basis is not

---

[2] *See* Amendment 833, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/833.

"supported by extraordinary and compelling reasons" or "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). For this reason alone, the Motion for Sentence Reduction must be denied. *See Wright*, 46 F.4th at 945.

The Court also "consider[s] the sentencing factors in 18 U.S.C. § 3553(a) … to determine whether the requested sentence reduction is warranted under the particular circumstances of the case." *Bryant*, 144 F.4th at 1123 (quotation omitted). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). The Court must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (6).

As discussed at sentencing and in the Presentence Report, Defendant has an extensive criminal history, including 16 convictions that do not score. In the instant offense, Defendant attempted to import into the United States 52.1 kilograms of 99% pure methamphetamine. At the time of this offense, Defendant was on supervised release for a prior conviction of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. At sentencing for the instant offense, Defendant did not move for a mitigating role adjustment or present facts that would justify such a reduction. The Court finds that the below-Guideline custodial sentence of 120 months is supported by Defendant's repeated involvement in drug trafficking, his extensive criminal history, the seriousness of the instant offense, the need to protect the public from further crimes of the Defendant, the need for adequate deterrence to criminal conduct, and to avoid unwarranted sentence

disparities for similarly situated defendants. The Court finds that Defendant's commendable progress while incarcerated is not sufficient to alter the balance of the section 3553(a) factors that the Court found at sentencing. For this reason alone, the pending motion must be denied.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion for Sentence Reduction is denied. (ECF No. 47.)

Dated: August 7, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court